UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL KLUMPP,

        Plaintiff,

v.                                          Case No. 22-C-166

WINNEBAGO COUNTY OFFICERS OF THE COURT,
KAREN SEIFERT, former Winnebago County Judge, and
D.A. EDELSTEIN,

        Defendants.

---

## SCREENING ORDER

---

On February 10, 2022, Plaintiff Michael Klumpp brought this action against Defendants Winnebago County Officers of the Court, Karen Seifert, and D.A. Edelstein, pursuant to 42 U.S.C. § 1983. The Court dismissed Klumpp's complaint on February 24, 2022, for failure to state a claim, but granted him leave to file an amended complaint. Dkt. No. 5. Klumpp has filed an amended complaint and it is before the Court for screening. In screening the amended complaint, the Court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Klumpp is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Klumpp's amended complaint contains more information, but the additional information does not state a plausible claim upon which relief may be granted. The amended complaint again centers around the allegations that certain individuals failed to provide Klumpp with his "24/7 documents" after former Winnebago County Circuit Judge Karen Seifert ordered that they be provided to him prior to his trial. Dkt. No. 6 at 4. It also revives the allegations that Klumpp discovered the documents had been destroyed when he went to obtain a copy from the clerk of court. *Id.* As a result, Klumpp alleges that Defendants failed their oaths of office, destroyed proof, caused him hardship, and denied him due process. *Id.* at 2.

But the same issues that plagued Klumpp's original complaint are also present in his amended complaint. The overarching issue is that Klumpp has still failed to ascribe any concrete action to any of the individuals discussed in the amended complaint. Klumpp mentions Judge Seifert and Judge LaKeisha Haase, but he does not describe any action that they took to destroy evidence or deprive him of due process. Instead, he notes that Judge Siefert declined to postpone his trial, ordered that the 24/7 documents be produced to him, and had some sort of conversation regarding sentencing guidelines with an attorney. *Id.* at 2–4. None of these actions demonstrate that Klumpp was denied due process. The references to Judge Haase are even more sparse, with Klumpp only alleging that he sent her a letter and that she would not rule on anything unless he made a motion. *Id.* at 4. In any event, both Judge Seifert and Judge Haase would be entitled to judicial immunity in these circumstances. *See Mireles v. Waco*, 502 U.S. 9 (1991).

The remainder of the amended complaint is riddled with vague allegations that do not accuse any individual of any particular wrongdoing. Klumpp discusses the involvement of attorneys Douglas Edelstein and Raymond Edelstein, but does not indicate how they were involved in destroying his documents or denying him due process. Dkt. No. 6 at 4. He also mentions clerks

2

of court, but again, does not say what the clerks did to destroy proof or deny him due process. Dkt. No. 6-1 at 6. Klumpp's strongest assertion in his amended complaint is that he believes "they" tore off a piece of the envelope containing his documents shortly after he received a letter from the Attorney General for the State of Wisconsin. Dkt. No. 6 at 4. But Klumpp does not say who "they" are, and such a vague statement does not state a claim upon which relief may be granted. In sum, although Klumpp has named a variety of individuals in his amended complaint, he has ascribed no concrete action to them, and therefore, has failed provide sufficient notice to each Defendant of what he or she is accused of doing.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for failure to state a claim. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Klumpp's motion for leave to proceed *in forma pauperis* is **DENIED**.

Dated at Green Bay, Wisconsin this 4th day of March, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge