UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KLUMPP,

        Plaintiff,

v.                                           Case No. 22-C-166

WINNEBAGO COUNTY OFFICERS OF THE COURT,
KAREN SEIFERT, former Winnebago County Judge, and
D.A. EDELSTEIN,

        Defendants.

## ORDER

On February 10, 2022, Plaintiff Michael Klumpp brought this action against Defendants Winnebago County Officers of the Court, Karen Seifert, and D.A. Edelstein, pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint on February 24, 2022, for failure to state a claim, but granted him leave to file an amended complaint. Dkt. No. 5. Klumpp's amended complaint fared no better, and the Court dismissed the case on March 4, 2022. Dkt. No. 7. Klumpp filed a proposed amended complaint on March 17, 2022. On March 25, 2022, and March 31, 2022, Klumpp filed letters indicating that he did not want to file the proposed amended complaint in this case but intended to start a new action. He states that he is aware of the Court's order dismissing this case and that is why he "wrote a new one [because] of constitutional violations by Winnebago County, [Wisconsin]." Dkt. No. 10.

The Court has reviewed Klumpp's proposed amended complaint and concludes that he has again failed to state a claim. His proposed amended complaint alleges a *Brady* violation, violations of his Fourteenth and Sixth Amendment rights, and evidence tampering. Although Klumpp

provides itemized causes of action, he still fails to ascribe any action to a particular individual. More importantly, Klumpp appears to challenge the constitutionality of his conviction, alleging procedural and evidentiary violations that "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Klumpp has not demonstrated that his conviction has already been invalidated. *See id.* (holding that a plaintiff must demonstrate invalidity of a conviction via reversal on direct appeal, expungement by executive order, a declaration of invalidity by a state tribunal authorized to make such determinations, or by a federal court's issuance of a writ of habeas corpus to proceed on a § 1983 claim). Therefore, Klumpp's proposed amended complaint is barred by *Heck*.

To the extent Klumpp wishes to file a new action based on his proposed amended complaint, *see* Dkt. No. 11, he is advised that such an action would be barred by the doctrine of claim preclusion. That doctrine "prohibits relitigation not only of claims already decided in a prior proceeding, but also those that could have been litigated in that proceeding based on the same operative facts." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016). The operative facts in Klumpp's proposed amended complaint are the same as those contained in his previous complaints. Therefore, a new action would be barred on that ground.

**IT IS THEREFORE ORDERED** that Klumpp's proposed amended complaint (Dkt. No. 9) is **STRICKEN**. This case remains closed.

Dated at Green Bay, Wisconsin this 1st day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
